# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

| | |
|---|---|
| JAMES B. COX,<br><br>              Plaintiff,<br><br>vs.<br><br>GREGORY R. TODD,<br><br>              Defendant. | CV-10-69-BLG-CSO<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DIRECTING THAT JUDGMENT BE ENTERED IN DEFENDANT'S FAVOR** |

Plaintiff James B. Cox ("Cox"), appearing *pro se*, initiated this action against Defendant Gregory R. Todd ("Todd"), a state district court judge, for allegedly violating Cox's rights under the United States Constitution. *Cmplt. (Court Doc. 1) at ¶¶ III.B. and IV.A.* Cox alleges that Todd, the presiding judge in a state court case in which Cox sued three individuals and their attorney for conversion of Cox's mobile home, denied Cox his rights to due process and to trial by jury. *Id. at ¶ IV.A.* Judge Todd presently sits as an active judge on the Montana Thirteenth Judicial District Court, Yellowstone County.

Now pending is Todd's Motion to Dismiss. *Court Doc. 6.* Having reviewed the record, together with the parties' arguments in support of

their positions, the Court will grant Todd's motion for the reasons discussed below.[1]

I.   **BACKGROUND**[2]

Cox filed a state court conversion action against Hector, Rosina, and Jacob Rubio, and their attorney, Terry Seiffert.  Cox claimed that the defendants converted his mobile home after they filed an agister's lien and subsequently foreclosed upon it.  *Court Doc. 1 at Ex. 1* (state court Complaint captioned *James B. Cox vs. Terry L. Seiffert, Hector, Rubio, Rosina Rubio, and Jacob Rubio*, cause no. DV-10-0099) ("state court action").

In an Order filed in the state court action on May 7, 2010, Todd granted summary judgment to Seiffert and the Rubios and dismissed Cox's Complaint against them with prejudice.  *Court Doc. 1 at Ex. 6*.  Todd also ordered that Seiffert and the Rubios were entitled to sanctions and scheduled a hearing on the sanctions for June 23, 2010.  *Id.*

———————————

[1]By Notice of Assignment filed on July 8, 2010, upon the parties' written consent, this case was assigned to the undersigned for all proceedings, including the entry of judgment.  *Court Doc. 10.*

[2]Cox attached to his Complaint various exhibits from which the Court has taken much of the background information discussed here.

Cox filed this action on June 16, 2010.  *Court Doc. 1.*  He alleges that Todd, in the state court action from "May 7, 2010, and ongoing[,]" is denying his "rights to due process and to trial by jury secured by the 5th, 7th, and 14th Amendments to the U.S. Constitution."  *Id. at ¶ IV.A.*  He claims that he is "being denied of the benefit of [his] property already taken through denying [him] due process and [that he is] at risk of further taking of [his] property by the same means already employed – of making false affidavits and laundering title to [his] property through Sheriff's sales without due process."  *Id. at ¶ V.*  Finally, Cox alleges that he is also "at risk of the defendant ordering further taking of [his] property to convey to the maker of the false affidavits ... as sanctions against [him] for bringing the civil suit" in state court.  *Id. at ¶ V., and Appendix C, Injury.*

For his relief, Cox seeks two things, which he states as follows: "First, for myself, that the defendant be stopped from ordering that any further property of mine be conveyed to the maker of the false affidavits and/or her assistants in that and her co-beneficiaries of it[;]" and "Second, for myself and others, that cases be allowed to be reopened in

which the defendant has reached his desired outcome by denying citizens our rights to call witnesses and to have trials by jury." *Id. at ¶ VI., and Appendix D, Request for Relief.*

Todd filed his motion to dismiss on July 5, 2010. *Court Doc. 6.*

## II.   <u>PARTIES' ARGUMENTS</u>

Todd bases his motion to dismiss on two principal arguments.[3] First, he argues that this Court lacks subject matter jurisdiction under Rule 12(b)(1).[4] He argues that Cox brought the instant action to have "this federal court ... review the state court case[,]" a maneuver precluded by the *Rooker-Feldman* doctrine. *Court Doc. 7 at 6-7.*

Second, Todd argues that Cox has failed to state a claim against him upon which relief can be granted under Rule 12(b)(6). Todd argues that, as a sitting judge performing functions in that capacity, he is shielded from liability in this action by the doctrine of judicial immunity. *Id. at 3-6.*

---

[3]Because subject matter jurisdiction is a threshold issue, the Court addresses Cox's arguments in reverse order from the order in which he raises them.

[4]References to rules herein are to the Federal Rules of Civil Procedure unless otherwise indicated.

Cox responds that the *Rooker-Feldman* doctrine does not apply to this action.   *Resp. Br. (Court Doc. 11) at 1-4.*  He argues that he does not seek damages from Todd for the taking of his property, but rather "assert[s] in this case [his] rights secured by the United States Constitution independent of state court actions." *Id. at 3.*  Specifically, he argues, he seeks injunctive relief alleging that his rights to due process and to trial by jury "were denied [him] by Judge Todd." *Id. at 4.*

Cox also responds that Todd is not entitled to immunity. *Id. at 5.* He argues that because his action against Todd seeks neither a declaration of personal liability against Todd nor any damages from him, Todd is not cloaked with immunity. *Id.*

## III. DISCUSSION

### A.   Dismissal Based on *Rooker-Feldman*

The *Rooker-Feldman* doctrine emerged from two U.S. Supreme Court cases. *See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).*  The doctrine "bars federal district courts 'from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment.'" *Wolfe v.*

*Strankman, 392 F.3d 358, 362-63 (9th Cir. 2004) (quoting Kougasian v.*

*TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004)).*  The Ninth Circuit has

explained the doctrine as follows:

> If a federal plaintiff asserts as a legal wrong an allegedly
> erroneous decision by a state court, and seeks relief from a
> state court judgment based on that decision, *Rooker-Feldman*
> bars subject matter jurisdiction in federal district court.  If,
> on the other hand, a federal plaintiff asserts as a legal wrong
> an allegedly illegal act or omission by an adverse party,
> *Rooker-Feldman* does not bar jurisdiction.

*Id. (quoting Noel v. Hall, 341 F.3d 1148, 11654 (9th Cir. 2003)).*

In the case at hand, the Court concludes that the *Rooker-Feldman*

doctrine bars this Court's review of at least some of Cox's allegations.  In

reviewing the allegations and claims in Cox's Complaint, the Court

believes that Cox, in part, seeks relief from a state court judgment based

on an allegedly erroneous decision.

First, as noted above, Cox claims that he is "being denied of the

benefit of [his] property already taken ...."  *Id. at ¶ V.*  Second, in his

request for relief, he asks, for himself and others, "that cases be allowed

to be reopened" in which Todd allegedly denied litigants their rights.  Id.

at ¶ VI.  Based on a plain reading of the Complaint, the Court concludes

6

that Cox is alleging that Todd engaged in a legal wrong resulting in an allegedly erroneous decision, and he seeks relief from the state court judgment that arose from that decision.  Under the foregoing authority, to the extent Cox asks this Court to review Todd's orders and "reopen" the state court case, his claims are barred under the *Rooker-Feldman* doctrine.

**B.    Dismissal Based on Judicial Immunity**

In addition, to the extent Cox asserts claims that do not fall under the *Rooker-Feldman* doctrine, dismissal is still necessary based on the doctrine of judicial immunity.  Judges enjoy absolute immunity from lawsuits for actions taken in their official judicial capacity.  *Mireles v. Waco, 502 U.S. 9, 9-10 (1991); Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th Cir. 1996) (superceded by statute on other grounds).*  "Judicial immunity discourages collateral attacks on final judgments through civil suits, and thus promotes the use of 'appellate procedures as the standard system for correcting judicial error ... Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review.'"  *In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002) (citation*

*omitted)*.  This immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985) (citation omitted)*.  "Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir.), cert. denied, 488 U.S. 995 (1988) (quoting Stump v. Sparkman, 435 U.S. 349, 35-57 (1978))*. Judicial immunity applies not only to lawsuits for damages, but also to lawsuits seeking declaratory, injunctive, and other forms of equitable relief.  *Moore*, 96 F.3d at 1244.

In the case at hand, Cox names only Todd as a defendant.  All of Cox's allegations relate directly to Todd's actions taken in his official judicial capacity.  Under the above authority, Todd is absolutely immune from suit.  Thus, the Court will grant Todd's motion to dismiss.  In doing so, the Court notes that the deficiency in Cox's Complaint, *i.e.*, naming only a defendant who is absolutely immune from suit, cannot be cured by amendment in light of the type of action and the nature of relief sought.

8

IV.  **<u>CONCLUSION</u>**

Based on the foregoing, IT IS ORDERED that Todd's Motion to Dismiss (Court Doc. 6) is GRANTED and that Cox's Complaint is DISMISSED, with prejudice.

The Clerk of Court is directed to enter Judgment accordingly.

DATED this 24th day of August, 2010.


**/S/ Carolyn S. Ostby**
United States Magistrate Judge

9